UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WES HEDRICK as Special Administrator** ) | |
| **of the Estate of JOHN OWENS, Deceased,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 08-CV-0629-CVE-TLW |
| ) | |
| **CRAIG GENERAL HOSPITAL,** ) | |
| **JOHN DOE, and JANE DOE,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Defendant Craig General Hospital's Motion and Opening Brief to Dismiss Plaintiff's Amended Complaint (Dkt. # 11). Defendant Craig General Hospital requests dismissal of plaintiff's claim under 42 U.S.C. § 1983, because plaintiff has not alleged sufficient facts to state a claim nor has plaintiff alleged a specific constitutional violation.

**I.**

Plaintiff alleges that John Owens was admitted to the psychiatric unit at Craig General Hospital ("the Hospital") on June 10, 2006. On the morning of June 11, 2006, Hospital staff entered the room and found that Owens was unresponsive. Owens was declared dead later that morning. Plaintiff alleges that a medical examiner subsequently determined that the cause of death was "probable asphyxiation by smothering." Dkt. # 3, Ex. 1, at 2. Plaintiff originally filed this lawsuit as a medical malpractice claim against the Hospital in the District Court of Craig County, Oklahoma. The Hospital moved to dismiss on the ground that plaintiff did not file notice of his claim with the Hospital as required by Oklahoma's Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151 et seq. Plaintiff did not respond to the motion to dismiss and the case was dismissed without prejudice.

Dkt. # 3, Ex. 7, at 2. However, he filed a motion to vacate the dismissal and requested leave to file an amended complaint. Id., Ex. 3. The state court granted his motion and plaintiff filed an amended complaint on October 21, 2008.

The amended complaint omitted any allegations concerning medical malpractice and restated plaintiff's claim as a § 1983 claim against the Hospital. He states that Owens "enjoyed a well-established Constitutional right under the Fourteenth Amendment to be free from acts or omissions to increase his risk of serious bodily injury by those acting under the color of state law . . . ." Id., Ex. 1, at 3. Plaintiff alleges that the Hospital "confined [Owens] in an unsupervised room with a patient known to have homicidal ideations reinforced by an actual attempt to suffocate a prior roommate." Id. According to plaintiff, the Hospital had actual knowledge that it was placing Owens in a room with an "end-of-life diagnosed paranoid schizophrenic with a known and established proclivity towards homicide" but failed to protect Owens from harm. Id. Plaintiff also claims that Owens' alleged suffocation was a direct and proximate result of the official policies and procedures of the Hospital. On October 24, 2008, the Hospital removed the case to this Court based on federal question jurisdiction.

## II.

A motion to dismiss is properly granted when a complaint or counterclaim provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. The factual allegations within the claim "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been

stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. For purposes of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 1965; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellman, 935 F.2d 1106, 1109-10 (10th Cir. 1991). In sum, the claimant must allege facts sufficient to state a claim for relief that is plausible on its face. Twombly, 127 S. Ct. at 1974.

## III.

The Hospital asks the Court to dismiss plaintiff's amended complaint for failure to state a claim, because the amended complaint does not state sufficient facts or identify a specific constitutional violation. Plaintiff responds that his amended complaint alleges that the Hospital acted with deliberate indifference when it should have been aware of a substantial risk of harm to Owens, and he has adequately pled a "deliberate indifference" claim under the Fourteenth Amendment. Dkt. # 15, at 3.

The Tenth Circuit has held that a county hospital created as a public trust under Oklahoma law is a state actor for purposes of § 1983.[1] Beedle v. Wilson, 422 F.3d 1059, 1065 (10th Cir. 2005). However, a county hospital is "akin to a municipality" and a claim against a county hospital must satisfy the standards applicable to § 1983 claims against municipal entities. Id. at 1067-68. Under § 1983, a local government or municipality may be held liable for adopting an official policy or custom causing a violation of constitutional rights, but local governments can not be sued under a respondeat superior theory of liability. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). "[T]o establish municipal liability, a plaintiff must show: 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged." Graves v. Thomas, 450 F.3d 1215, 1218 (10th Cir. 2006). It is not enough for a plaintiff to allege that the actions of a governmental employee injured him. Olsen v. Layton Hills Mall, 312 F.3d 1304, 1318 (10th Cir. 2002). "Instead, it must be shown that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." Seamons v. Snow, 206 F.2d 1021, 1029 (10th Cir. 2000).

Plaintiff has not adequately pled a claim for municipal liability under § 1983. Plaintiff's claim is based on a single, discrete act or omission that allegedly caused Owens' death, but he has not identified an official policy or custom that caused the decedent any harm. As currently pled, plaintiff alleges that Owens was placed in a room with person that the Hospital should have known

---

[1] Both parties overlook this issue and treat plaintiff's claim as one against an individual rather than as against a municipality. Due to this misunderstanding, the Court will permit plaintiff to file a second amended complaint if he can state a claim against the Hospital.

posed a risk to Owens. Dkt. # 3, Ex. 1, at 3. The amended complaint includes the following allegations:

> 11. Decedent enjoyed a well-established Constitutional right under the Fourteenth Amendment to be free from acts or omissions known to increase his risk of serious bodily injury by those acting under color of state law and charged with his care and supervision.
>
> 12. Defendants deprived Decedent of his well-established Constitutional right by confining him in an unsupervised room with a patient known to have homicidal ideations reinforced by an actual attempt to suffocate a prior roommate.
>
> 13. Defendants knew the Decedent was unable to care for himself, and they further knew that confining him in an unsupervised room with a patient who had recently acted upon known homicidal ideations would increase the risk of harm to Decedent.
>
> 14. Despite having actual knowledge of the facts set forth above, Defendants disregarded the known risk of harm and confined Decedent in a room without supervision along with an end-of-life diagnosed paranoid schizophrenic with a known and established proclivity towards homicide.
>
> 15. As a direct and proximate result of the official policies, procedures, customs and long-standing practices at Defendant Craig General Hospital regarding training and supervision, in addition to the specific acts and omissions of the Defendant health care providers, Decedent was suffocated by his roommate.

Id. The amended complaint does not identify a specific Hospital policy or custom that allegedly caused Owens' death, and it is clear that the primary basis for plaintiff's claim is a one-time act or omission of the Hospital and its employees, rather than an established Hospital policy. While the events related by the amended complaint are tragic, plaintiff's claim is nothing more than an ordinary negligence claim and he does not state a claim for municipal liability under § 1983.

The Court has reviewed the amended complaint and, if plaintiff could identify a specific Hospital policy or custom, it is possible that plaintiff could state a § 1983 claim against the Hospital. Therefore, the Court finds that plaintiff should be given leave to amend before his case is dismissed with prejudice. If plaintiff chooses to file a second amended complaint, he must be clear that he is

alleging that an unconstitutional policy or custom of the Hospital was the direct cause of Owens' death, not simply that Owens was harmed by the oversight or negligence of a Hospital employee.

**IT IS THEREFORE ORDERED** that Defendant Craig General Hospital's Motion and Opening Brief to Dismiss Plaintiff's Amended Complaint (Dkt. # 11) is **granted**. Plaintiff may file a second amended complaint within fifteen (15) days of this Opinion and Order **if** he can allege sufficient facts to state a § 1983 claim and clearly identify a Hospital policy or custom that allegedly caused Owens' death.

**DATED** this 21st day of January, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT