UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WES HEDRICK as Special Administrator of the Estate of JOHN OWENS, Deceased, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 08-CV-0629-CVE-TLW |
| CRAIG GENERAL HOSPITAL, JOHN DOE, and JANE DOE, | ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant Craig General Hospital's Motion and Opening Brief to Dismiss Plaintiff's Second Amended Complaint (Dkt. # 21). Defendant asserts that plaintiff's second amended complaint does not state a claim of municipal liability against defendant under 42 U.S.C. § 1983 and this case should be dismissed.

**I.**

Plaintiff alleges that John Owens was admitted to Craig General Hospital (the Hospital) on June 10, 2006. Dkt. # 19, at 3. At approximately 5:45 a.m. on June 11, 2006, Hospital staff took Owens to the restroom and escorted Owens back to his room. Plaintiff claims that Hospital staff checked on Owens at 6:45 a.m. and found that he was not breathing. Id. Emergency measures were attempted to save Owens' life, but these efforts were unsuccessful and the attending physician declared Owens dead at 7:23 a.m. Id. According to plaintiff, Owens' roommate had "recently acted upon known homicidal ideations" and the Hospital should have been aware that Owens faced an increased risk of harm by being placed in an unsupervised room with this patient. Id. Plaintiff claims that the Hospital concealed information and obstructed the investigation of Owens' death,

and this delayed the issuance of a report by the Office of the Chief Medical Examiner. Id. at 4-5. When a medical examiner's report was issued on October 13, 2006, plaintiff states that the cause of death was identified as "[p]robable asphyxiation by smothering." Id. at 3.

Plaintiff originally filed this case as a medical malpractice action against the Hospital in the District Court of Craig County, Oklahoma. The Hospital filed a motion to dismiss asserting that plaintiff did not file a notice of claim with the Hospital as required by the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151 et seq. Plaintiff did not respond to the motion to dismiss and the case was dismissed without prejudice. Plaintiff filed a motion to vacate the dismissal and requested leave to file an amended complaint. The state court granted plaintiff's motion and permitted plaintiff to file an amended complaint.

Plaintiff's amended complaint restated his claim against the Hospital as a claim under 42 U.S.C. § 1983. The Hospital removed the case to this Court based on the existence of a federal question in the amended complaint and filed a motion to dismiss the amended complaint for failure to state a claim. The Court granted the Hospital's motion to dismiss, because plaintiff had not stated a claim properly alleging municipal liability under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). Dkt. # 18. Construing the allegations of the amended complaint in favor of plaintiff, the Court could not find any allegation concerning a Hospital policy or custom that allegedly caused Owens' death. Id. at 5. Instead, the amended complaint alleged a claim of ordinary negligence based on a one-time act or omission of the Hospital. However, the Court granted plaintiff leave to file a second amended complaint, because it was possible that plaintiff could allege sufficient facts to state a § 1983 claim against the Hospital.

The second amended complaint re-alleges the same facts from the amended complaint, but contains new allegations concerning the existence of a Hospital policy or custom. Plaintiff claims that Owens' death was caused by "deprivations and violations of decedent's constitutional rights . . . carried out pursuant to the rules, regulations, customs, policies, and practice" of the Hospital. Dkt. # 19, at 1. Plaintiff alleges that the Hospital is aware that it "frequently admits patients who present a substantial risk of harm to others . . . [and] has a long standing practice of failing to train its staff to assess the risks presented by such individuals." Id. at 4. The basis for plaintiff's claim against the Hospital is an alleged "direct causal link . . . between (1) Defendant's failure to adequately train its staff regarding the risks posed by dangerous patients; and (2) the decedent's confinement in an unsupervised room with a homicidal patient." Id.

**II**.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965, 1974 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. For purposes of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 1965; Alvarado v. KOB-TV, L.L.C.,

493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**III.**

Defendant asks the Court to dismiss plaintiff's § 1983 claim, because it does not identify a specific custom or policy that is unconstitutional and that directly caused Owens' death. Dkt. # 21, at 3-6. Plaintiff responds that the Hospital's long standing practice of failing to perform risk assessments of incoming patients and failing to train its employees to perform such assessments should be treated as an official policy or custom. Dkt. # 24, at 2. Plaintiff further alleges that "the risk of harm is so obvious and well-known that Defendants' failure to adequately train staff regarding the risk constitutes objective deliberate indifference." Id.

Under § 1983, a local government or municipality may be held liable for adopting an official policy or custom causing a violation of constitutional rights, but local governments can not be sued under a respondeat superior theory of liability. Monell, 436 U.S. at 691. "[T]o establish municipal liability, a plaintiff must show: 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged." Graves v. Thomas, 450 F.3d 1215, 1218 (10th Cir. 2006). It is not enough for a plaintiff to allege that the actions of a governmental employee injured him. Olsen v. Layton Hills Mall, 312 F.3d 1304, 1318 (10th Cir. 2002). "Instead, it must be shown that the unconstitutional actions of an employee were representative of an official

policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." Seamons v. Snow, 206 F.2d 1021, 1029 (10th Cir. 2000).

One way for a plaintiff to state a claim of municipal liability is to allege that an express policy deprives the plaintiff of a constitutional right. Christensen v. Park City Mun. Corp., 554 F.3d 1271, 1279 (10th Cir. 2009). Another way to show that an official policy was the "moving force" behind a constitutional violation is show that an unconstitutional act was committed by an official with final policymaking authority. Simmons v. Uintah Health Care Special Dist., 506 F.3d 1281, 1284-85 (10th Cir. 2007). However, plaintiff has not alleged that an express policy or an act by an official with final policymaking authority caused Owens' death. In this case, plaintiff claims that inaction resulting from the Hospital's failure to properly train employees to conduct adequate risk assessment of incoming patients resulted in a deprivation of Owens' constitutional rights. The Tenth Circuit has crafted a demanding standard for such claims:

> If the plaintiff asserts the alleged custom or policy comprised a failure to act, he or she must demonstrate the municipality's inaction resulted from "deliberate indifference to the rights" of the plaintiff. More specifically, if the inaction theory rests on an alleged failure to train, the plaintiff must prove "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need" for additional training. Ordinarily, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose [muncipal] liability." In the case where a plaintiff seeks to impose municipal liability on the basis of a single incident, the plaintiff must show the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued.

Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); see also City of Canton, Ohio v. Harris, 489 U.S. 378 (1989) ("Only where a failure to train reflects a 'deliberate' or 'conscious' choice by an

municipality-a 'policy' as defined by our prior cases-can a city be liable for such a failure under § 1983").

In this case, plaintiff alleges that the Hospital had knowledge of a "long standing" problem of placing dangerous patients in unsupervised rooms with other patients and the Hospital's failure to correct this problem by adequately training its employees showed deliberate indifference to Owens' constitutional rights. Based on the Hospital's decision to place an "end-of-life diagnosed paranoid schizophrenic with a known and established proclivity towards homicide" in a room with another patient, plaintiff asks the Court to infer that the Hospital failed to properly train its employees about how to keep a potentially dangerous patient from harming others. Dkt. # 19, at 4. Plaintiff claims that the risk created by properly training staff to deal with dangerous patients is "so obvious and well-known to the [Hospital] and its final policymakers" that any injury resulting to a patient caused by a patient with known dangerous tendencies constitutes deliberate indifference. Dkt. # 24, at 4. Based on these "specific facts," plaintiff asserts that he has stated a claim against the Hospital under § 1983. Id.

Plaintiff's conclusory allegations concerning the existence of an official policy or custom do not disguise the underlying problem noted in the Court's opinion and order dismissing the amended complaint, which is that plaintiff's claim against the Hospital is based on a one-time act of alleged negligence. Dkt. # 18, at 5. Claims of municipal liability based on a failure to train must ordinarily be based a pattern of unconstitutional behavior of which the municipality has notice, and the plaintiff must allege sufficient facts suggesting that the municipality showed deliberate indifference by choosing to disregard the risk of harm. Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998). In a narrow class of cases, deliberate indifference may be shown based on a

6

discrete act if a "violation of federal rights is a 'highly predictable' or 'plainly obvious' consequence of a municipality's action or inaction, such as when a municipality fails to train an employee in specific skills needed to handle recurring situations . . . ." Id. at 1308. Thus, the issue before the Court is whether the Hospital's one-time decision to place Owens in a room with a potentially dangerous patient created a "plainly obvious" risk that Owens' constitutional rights would be violated due to inadequate training of hospital staff.

The second amended complaint does not include any specific factual allegations suggesting that the Hospital routinely placed patients in an unsupervised room with other patients known to be dangerous. This is simply a conclusion stated by plaintiff without any supporting facts and the Court need not accept plaintiff's vague allegation as true. Erikson, 263 F.3d at 1154-55. It is clear that plaintiff hopes to discover facts supporting his claim that Hospital employees were inadequately trained, but the second amended complaint does not contain any factual allegations that lead the Court to believe that this is a reasonable inference. See Dkt. # 24, at 3. Plaintiff's claim against the Hospital is based on a single incident of alleged negligence, not a pattern of conduct resulting in repeated violations of patients' constitutional rights, and the facts alleged in the second amended complaint do not support an inference that defendant acted with deliberate indifference toward Owens. At most, the allegations of the second amended complaint state a claim that the Hospital negligently placed Owens in a room with a dangerous patient and failed to properly supervise him. Therefore, plaintiff's second amended complaint does not allege sufficient facts to state a claim of municipal liability based an alleged failure to properly train Hospital employees, and plaintiff's § 1983 claim should be dismissed.

**IT IS THEREFORE ORDERED** that Defendant Craig General Hospital's Motion and Opening Brief to Dismiss Plaintiff's Second Amended Complaint (Dkt. # 21) is **granted**. A separate judgment of dismissal is entered herewith.

**DATED** this 23rd day of April, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT